33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry W. MILLER, Plaintiff/Appellant,
v.
INDIANA DEPARTMENT OF CORRECTIONS, et al., Defendants/Appellees.
 No. 93-1621.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided Aug. 19, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Terry W. Miller, an inmate at the Westville Correctional Center in Indiana, brought the present action under 42 U.S.C. Sec. 1983 against various Indiana institutions and prison officials. He alleged that the defendants violated his due process rights under the Fourteen Amendment by placing him in a class that was ineligible to earn good time credits (Time Earning Class III) while he was serving a 90-day contempt sentence at the Indiana State Farm. As a result, Miller allegedly lost forty-five days of good time credit, and served the full 90-day sentence. In response to Miller's action, the defendants argued, among other things, that under Indiana law good time credits are not available for contempt of court sentences. The district court dismissed Miller's complaint, finding that the action was time-barred. Fed.R.Civ.P. 12(b)(6). We affirm the district court's dismissal on the ground that Miller's suit is not cognizable under Sec. 1983.
 
 
 2
 In Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), the Supreme Court held that in order to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a Sec. 1983 plaintiff must prove that the conviction or sentence has been invalidated by the state or by a federal writ of habeas corpus. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983." Id. (emphasis original).
 
 
 3
 In this case, Miller's action calls into question the lawfulness of his confinement. He alleged that he was improperly placed in Time Earning Class III without a hearing upon his arrival at the prison, and that the classification was affirmed by a prison classification board despite the impropriety. Miller's reference to the lack of hearing seems to suggest that he was raising a procedural due process claim, which might not be a challenge to the lawfulness of his confinement. See id. at 2370 (stating that where, as in Wolff v. McDonnell, 418 U.S. 539 (1974), the damages claim is not for the deprivation of good-time credits but is for the deprivation of civil rights resulting from the use of allegedly unconstitutional procedures, the claim does not call into question the lawfulness of the plaintiff's confinement). However, Miller's damages claim is really challenging the deprivation of good-time credits. Miller stated that upon his arrival at the prison, he was interviewed by one of the defendants who informed him that he would be placed in Time Earning Class III. He complained that he was not told the reason for the classification by that defendant nor was he given a hearing at that point. However, Miller conceded that he appeared before a prison classification board, which made the final determination as to his T.E.C. III classification. Miller did not complain that he was denied procedural due process before the classification board, but merely complained that the board should not have affirmed his T.E.C. III classification. Thus, because the essence of his claim is that he was improperly classified, and thus, illegally imprisoned for the forty-five days that he would have earned, Miller is challenging the validity of his confinement, especially given that he is asking for damages measured by the actual loss of good time. A judgment in favor of Miller in this case would necessarily imply the invalidity of his imprisonment. It follows that Miller has no cause of action under Sec. 1983 until he first proves that the alleged misclassification has been invalidated by the state or by the grant of a writ of habeas corpus.[1] Miller has not done so. Accordingly, we must dismiss his complaint under the authority of Heck.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Although Miller has completed serving his contempt sentence, and may be foreclosed from seeking a federal writ of habeas corpus or other state administrative remedies, the rule stated in Heck applies with equal force. As the Supreme Court makes clear, the principle barring collateral attacks "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." Id. at 2374 n. 10